# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 3169 | **DATE** | May 10, 2013 |
| **CASE TITLE** | Stephen Douglas McCaskill (#2012-1120056) v. Cook County Jail, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's *in forma pauperis* ("IFP") application [#3] is granted. The trust fund officer at Plaintiff's place of confinement is authorized to deduct $7.26 from Plaintiff's trust fund account as an initial partial filing fee and to continue making deductions in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at Cook County Jail. Plaintiff may proceed with his complaint against Cook County Jail Officers Ramos and Keating, Nurse Jefferson, and Dr. Mansour, and the Clerk shall issue summonses for these Defendants. The other Defendants (Cook County Jail and Tom Dart) are dismissed. The Clerk shall send Plaintiff a Magistrate Judge consent form and instructions for filing documents in this court.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff Stephen Douglas McCaskill, a pretrial detainee at the Cook County Jail, files this 42 U.S.C. § 1983 action naming the jail itself, Sheriff Tom Dart, Nurse Jefferson, Dr. Mansour, and Jail Officers Ramos and Keating as Defendants. Plaintiff alleges that in December 2012 and January 2013, he repeatedly notified the two jail officers and Nurse Keating that Plaintiff's cellmate was defecating and urinating on himself several times a day. Plaintiff's requests for cleaning supplies and for his cellmate to be transferred were denied by these Defendants and by Dr. Mansour, who was allegedly informed of the situation. Plaintiff asserts no allegations against the jail itself or Sheriff Dart.

Plaintiff's *in forma pauperis* application establishes that he cannot prepay the $350 filing fee. The court grants the motion to proceed *in forma pauperis* and assesses an initial filing fee of $7.26. The inmate trust accounts officer at Plaintiff's place of confinement is authorized to deduct this amount from Plaintiff's trust fund account, when funds are available, and to forward this amount as an initial payment of the filing fee. Thereafter, the trust fund officer shall make monthly deductions from Plaintiff's trust fund account equal to 20% of the preceding month's income credited to the account. Monthly deductions shall be forwarded as payments to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the number of this case. Plaintiff shall remain responsible for the filing fee obligation, and Cook County Jail officials shall notify transferee authorities of any outstanding balance in the event he is transferred.

This court has conducted a preliminary review of the complaint in accordance with 28 U.S.C. § 1915A. The allegations state colorable claims against Jail Officers Keating and Ramos, as well as Nurse Jefferson and Dr. Mansour. *Gillis v. Litscher*, 468 F.3d 488, 491-92 (7th Cir. 2006); *Board v. Farnham*, 394 F.3d 469, 479-80 (7th Cir. 2005). These Defendants must respond to the complaint.

| STATEMENT |
|---|

As to Sheriff Tom Dart and Cook County Jail, Plaintiff does not mention them in his complaint; nor do his allegations support a claim against them. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir.2003) (explaining that because there is no *respondeat superior* liability in a § 1983 action, each defendant must have been personally involved to be individually liable, and further explaining that an official capacity claim requires a showing of an unconstitutional policy or custom). Furthermore, Cook County Jail is not itself a separate suable entity. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

The Clerk shall issue summonses for service of the complaint through the U.S. Marshal on Cook County Jail Officers Keating and Ramos, Nurse Jefferson, and Dr. Mansour. The Marshal is directed to make all reasonable efforts to serve the Defendants. If the Marshal requires information to accomplish service, the Marshal may send Plaintiff forms, which he must complete and return to the Marshal. Plaintiff's failure to return completed forms to the Marshal may result in dismissal. With respect to any former employees, Cook County Jail officials shall furnish the Marshal with the Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise], and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service; however, if unable to obtain a waiver of service, the Marshal shall attempt personal service on them.

Lastly, Plaintiff is instructed to file all future papers concerning this action with the Clerk of court in care of the Prisoner Correspondent. In addition, Plaintiff must send an exact copy of any filing to the Defendants or, if represented by counsel, to counsel for the Defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.